Emma J. CLARK et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 11576.

United States District Court S. D. California, Central Division.

March 2, 1956.

Riley & Hall and B. H. Neblett, Los Angeles, Cal., for plaintiffs.

Laughlin E. Waters, U. S. Atty., Edward R. McHale and Eugene Harpole, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

CLARKE, District Judge.

Three basic questions are presented for determination, and are treated under the following headnotes:

Sufficiency of the Claims for Refund.

■ The plaintiffs contend that the claims for refund filed on the net operating loss carry forward and carry back for the years 1943 and 1944 fully apprised the defendant of the claims for refund on the capital gains issue. The auditing of the returns, conferences and negotiations relating to the net operating loss question were sufficient to apprise the defendant of any grounds for refund within the meaning of Section 3772(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. The requirement that the Commissioner understand the grounds of the claims was complied with and he dealt with such claims on the basis of that understanding. Smale & Robinson, Inc., v. United States, D.C., 123 F.Supp. 457.

The claims for refund being sufficient, it becomes unnecessary to consider the question of waiver by the defendant.

Profits Accruing to Plaintiffs
From Sale of Seven Lots.

■ The taxpayers started the development of the property involved in 1927. The construction of the Lake Norconian Club, hereinafter called "hotel", commenced at that time and was completed in 1929. In 1942, this hotel was taken over by the United States Government with the condemnation proceedings terminating in judgment in August of 1946. Until the taking of this hotel, in 1942, the taxpayer was engaged in the business of developing and selling real property within the meaning of Section 117, Internal Revenue Code of 1939. This activity ceased at the time of the taking in 1942. From that time forward, the taxpayers were engaged in other businesses, and had abandoned the real property development. The sale of the properties from 1942 forward was merely a liquidation of the capital assets held by the taxpayers. The authorities to the effect that a liquidation may amount to a "trade or business", Ehrman v. Commissioner, 9 Cir., 120 F.2d 607, are not conclusive of the issue. The taxpayer in the instant case should not be placed in a position of being in the real estate business. It follows that the sale of the properties in the years 1943 and 1944 are taxable as gain from the sale of a capital asset and not as ordinary income within the meaning of Section 117(a) (1) (A).

Condemnation Loss.

■ The taxpayers seek a net operating loss carry-back to 1944 as a result of the condemnation proceedings of the Lake Norconian Club in 1946. Such carryback was refused by the Commissioner under the theory that this condemnation was a sale of a capital asset not used in the trade or business of the taxpayers. While it is true that the taxpayers were not engaged in the business of buying and selling hotels, it is apparent that this particular hotel was an integral part of a general plan for the development of the real estate. It enabled the taxpayers to obtain better prices and generally enhanced the value of the surrounding properties. It follows that the hotel was an asset used in the trade or business of the taxpayers.

Section 117(j) of the Internal Revenue Code of 1939 provides for the computa-

tion of gain or loss from the involuntary conversion of property used in the trade or business of the taxpayer. Subsection (2) of Section 117(j) provides that condemnations are to be treated as involuntary conversions. Since the property involved was used in the trade or business of the taxpayers, Section 117(j) is applicable, and the loss incurred by the condemnation may be properly used in the calculation of a net operating loss carry back under Section 122.

The Court finds that the taxpayer's claims for refund were sufficient; that the profits accruing from the sale of lots in 1943 and 1944 be treated as gain from the sale of capital assets; and that a net operating loss carryback be allowed on the loss which resulted from the condemnation proceedings.

Findings of fact and conclusions of law are ordered to be prepared by counsel for the plaintiff pursuant to this memorandum decision, to be lodged with the Clerk within twenty days from notice.